UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 3:11-CR-00076-PLR |
| ) | |
| BOBBY YORK ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion for sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines [R. 58]. The government has responded that because defendant was sentenced in accordance with a Rule 11(c)(1)(C) plea agreement, Amendment 782 does not operate to lower his guidelines, and he is thus ineligible for any reduction [R. 63].

Defendant pled guilty to conspiracy to distribute and possess with intent to distribute Oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C); four counts of aiding and abetting the distribution of Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C); and possession a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). As part of the plea agreement, the parties stipulated that, pursuant to Rule 11(c)(1)(C), a term of 46 months imprisonment would be an appropriate sentence for the drug offenses, followed by the statutory mandatory minimum of 60 months for the firearms offense, for a total aggregate sentence of 106 months imprisonment.

Defendant is correct that pursuant to Amendment 782, his drug quantity would yield a base offense level of 24, after acceptance of responsibility, a total offense level of 21, and an amended guideline range of 46 – 57 months for the drug offenses. This is exactly the sentence defendant received – 46 months for the drug offenses, followed by 60 months for the firearms offense, for a total sentence of 106 months. Accordingly, the court finds defendant is not entitled to a further reduction in his sentence, and his motion for sentence reduction [R. 58] is **DENIED.**

**IT IS SO ORDERED.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**